UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GORDON W. SMITH, JR. | CIVIL ACTION NO. 3:09-cv-00917-JJB-SCR |
| Plaintiff, | |
| vs. | JUDGE: JAMES J. BRADY |
| THE STATE LIFE INSURANCE COMPANY | MAGISTRATE: STEPHEN C. RIEDLINGER |
| Defendant. | |

## THE STATE LIFE INSURANCE COMPANY'S
## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant The State Life Insurance Company ("State Life") hereby submits its Memorandum of Law in Support of its Motion for Judgment on the Pleadings pursuant to Rule 12(c).

## INTRODUCTION

In his Petition, Plaintiff Gordon W. Smith, Jr. alleges that he is the owner and beneficiary of a policy of life insurance with a face amount of $100,000 issued on the life of Charles L. Doss in 2002. Petition at ¶ 2. The Petition further alleges that Charles L. Doss died on or about December 8, 2008 and that a claim a claim for benefits under the policy was thereafter filed. *Id*. at ¶¶ 4-5. Plaintiff admits in the Complaint that the claim for benefits was denied because of his failure to timely pay premiums. *Id*. at ¶ 6. State Life has admitted in its Answer that the policy of insurance at issue in this case lapsed for non payment of premiums on or before November 8, 2006. Answer at ¶ 6.

Taking the allegations of the Petition as true, Plaintiff cannot state a claim for relief in this case because any claims for benefits under the Policy were required to be brought no later

than two years after the policy lapsed. *See* La. R.S. § 22:905. As discussed more fully below, because this action was not brought until September 17, 2009 – more than two years following the lapse of the policy in 2006, it fails to state a claim for which relief can be granted.

## ARGUMENT

Pursuant to Federal Rules of Civil Procedure 12(c), after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. A motion brought pursuant to Rule 12 (c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Gabarick v. Laurin Maritime (America), Inc.,* 2009 U.S. Dist. LEXIS 27226, 2009 WL 43096, at *2 (E.D. La. Jan. 7, 2009) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002)). A Rule 12 (c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id*. (citing *Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004)).* As such, the district court should accept the complaint's well pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Pursuant to Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Gabarick, 2009* U.S. Dist. LEXIS 27226, at 2 (citing *Greenberg v. Gen. Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir. 1973)).

### Plaintiff's Claims in this Case are Barred by La. R.S. § 22:905

As noted above, Plaintiff has not alleged that he made all of the required premium payments. Rather, he has simply alleged that State Life did not provide proper notice of the lapse of the Policy under applicable Louisiana law. Petition at ¶ 7. Although State Life denies that it failed to provide the notice required by statute, even accepting this allegation as true for

2

purposes of this motion, it is clear that any claim for benefits under the policy may not be maintained because it has been filed too late. La. R.S. § 22:905 governs the lapse or cancellation of life insurance policies in Louisiana. That statute provides:

### § 22:905. Written Notice Required Before Lapsing Life Policies

No life insurer shall within one year after default in payment of any premium, installment, loan or interest, declare forfeited or lapsed any policy issued or renewed, and not issued upon the payment of monthly or weekly premiums or for a term of one year or less, for non-payment when due of any premium, installment, loan or interest, or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice stating:

(1) The amount of such premium, installment, loan or interest, or portion thereof due on such policy; and

(2) The place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured or the assignee of the policy if notice of the assignment has been given to the insurer, at the last known post office address of such insured or assignee, postage prepaid by the insurer or any person appointed by it to collect such payment, at least fifteen and not more than forty-five days prior to the date when the same is payable.

No policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Any payment demanded by such notice and made within the time limit shall be taken to be full compliance with the requirements of the policy in respect to the time of such payment.

The affidavit of any officer, clerk or agent of the insurer or of anyone authorized to mail such notice that the notice required by this section has been duly addressed and mailed by the insurer issuing such policy, shall be presumptive evidence that such notice has been duly given. **No action shall be maintained to recover under a forfeited policy, unless the same is instituted within two years from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued.** This Section shall not apply to group insurance policies.

*See* La. R.S. § 22:905 (emphasis added). Thus, no claim for recovery under a life insurance policy may be maintained beyond two years following the lapse of the policy – whether proper notice of lapse or cancellation was provided or not. Further, in *Ochsner v. Idealife Ins. Co.*, 945 So.2d 128, 134 (La. App. 4 Cir 2006), the Court of Appeals affirmed the trial court's granting of

3

an insurer's exception of prescription in an action by the beneficiary of a life insurance policy for benefits where more than two years had passed since a default in payment by the insured. The court further held that the policy lapsed one year after nonpayment of the premiums without regard to any notice of lapse being sent by the insurer. *Id.* at 133 (*citing First American Bank & Trust of Louisiana v. Texas Life Ins. Co.*, 10 F.3d 332, 335 (5th Cir. 1994)).

In this case, it is undisputed that the policy of insurance at issue lapsed on or before December 8, 2006 due to the failure of Plaintiff to pay the required premiums. It is also undisputed that this action was not filed until September 17, 2009 – more than two years following the lapse of the policy in 2006. As a result, pursuant to the plain wording of La. R.S. § 22:905 and the Court of Appeals holding in *Ochsner*, Plaintiff's claims are barred and are due to be dismissed with prejudice.

## CONCLUSION

For the reasons set out above. State Life respectfully requests that Plaintiff's Petition be dismiss with prejudice.


Respectfully Submitted,

**GUGLIELMO, MARKS, SCHUTTE,
 TERHOEVE & LOVE**


**By:**   /s/Andrew W. Eversberg
          Andrew W. Eversberg (26026)
          320 Somerlous Street
          Baton Rouge, LA   7-8-2-6129
          Telephone: (225) 387-6966
          FAX:  (225) 387-8338

## CERTIFICATE OF SERVICE

      I certify that a true and complete copy of the foregoing Answer of State Life Insurance Company has this date been sent electronically through the Court's CM/ECF System to:

Barry W. Miller
Post Office Box 86279
Baton Rouge, LA 70879-6279

Baton Rouge, Louisiana this 6th day of November, 2009.

                                                /s/Andrew W. Eversberg
                                                ANDREW W. EVERSBERG