UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GORDON W. SMITH, JR.** | **CIVIL ACTION NO.** |
| Plaintiff | 3:09-cv-00917-JJB-SCR |
| Versus | **JUDGE: JAMES J. BRADY** |
| **THE STATE LIFE INSURANCE CO.** | **MAGISTRATE:** |
| Defendant | **STEPHEN C. RIEDLINGER** |

**OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW INTO COURT, through undersigned counsel, comes Gordon W. Smith, Jr., the Plaintiff in the above captioned proceeding, ("Smith" and/or "Plaintiff"), who respectfully submits this opposition to the Defendant's Motion for Judgment on the Pleadings filed herein by The State Life Insurance Company, ("State Life" and/or "Defendant"), and respectfully requests that said motion be denied.

For purposes of the Motion for Judgment on the Pleadings, the Court accepts all well pleaded facts as true, reviewing them in a light most favorable to the Plaintiff. See Guidry v. American Public Life Insurance Co., Docket No. 07-30085, (5th Cir. 12/21/2007), 512 F.3d 177.

In this case, the facts clearly indicate that the Plaintiff has set forth a claim upon which the relief can be granted and which would entitle him to judgment as prayed for. The Plaintiff has specifically alleged that Smith never received notification of State Life's intent to cancel the policy as required under applicable Louisiana law. The Defendant fully admits that under La.R.S. 22:905 it is required to give the policy owner notice and an opportunity to cure any defaults prior to cancelling the policy. Therefore, State Life never properly terminated or cancelled the policy.

1

The Defendant then attempts to boot-strap itself by saying that Smith cannot file for recovery two years following lapse of the policy.

However, as La.R.S. 22:905[1] clearly provides, the policy cannot be cancelled and, therefore, cannot lapse unless and until the policy owner is properly notified of the default in the policy and given an opportunity to cure the default.

The Defendant's reliance upon <u>Ochsner v. Ideal Life Insurance Co.</u>, 945 So.2d 128, 134, (La. App. 4th Cir. 2006), is misplaced. In that case the policy premiums had not been paid in nine years. In the instant case the policy never lapsed because the policy owner never received notice of the default in the premium payments as required by law. The Ochsner decision has not been followed.

The majority of cases clearly hold that the insurance company **must** provide the insured with notice of the default and give a reasonable opportunity or chance to cure prior to the insurance policy lapsing or the cancellation of the policy. In <u>Vining v. State Farm Life Insurance Co.</u>, Docket No. 14768, (2nd Cir. 1/25/1982), writ denied 3/19/1982, 409 So.2d 1306, the appellate court held that:

> "It is clear and undisputed that the law requires that where the insurer defends on the grounds that the policy has lapsed or been forfeited, it carries the burden of establishing facts which would relieve or limit liability." Id p. 1312 – 1313.

The <u>Vining</u> case was decided under La.R.S. 22:177, which was renumbered to La.R.S. 22:905.

The appellate court in <u>Vining</u> explained that a forfeiture or loss of a life insurance policy is an extremely harsh matter; therefore, forfeiture statutes must be strictly construed. Citing <u>Lester v. Aetna Life Insurance Co.</u>, 295 F.Supp. 1208, (W.D. La. 1970), affirmed 433 F.2d. 884, (5th Cir. 1970). Its purpose is to protect the insured against losing his policy through mere

---

[1] La.R.S. 22:905 was renumbered and was formerly La.R.S. 22:177.

neglect to pay the premium and also to give him a fair chance to meet the payment when due. Id pp. 1309 – 1310.

It is incumbent upon the Defendant in this case to conclusively show that it delivered the proper notice to the Plaintiff and gave the Plaintiff the required information as set forth under the statute and the necessary time to cure the default.

For purposes of this motion, the Defendant must admit that it did not comply with the provisions of the statute.

Also note the decent in the <u>Oschner</u> case in which Judge Kirby found that because the insurance company did not strictly comply with the provisions of La.R.S. 22:177, the prescriptive period never began to run and that it was error for the trial court to grant the exception. As Judge Kirby correctly points out, the applicable statute does not provide that if the insurance premium is not paid within one year that the policy automatically lapses even if no notice is sent. Rather, as Judge Kirby correctly points out, the burden is strictly upon the insurance company to comply with the statute before a "lapse in the policy" or "cancellation of the policy" can occur.

In the instant case, Smith did not receive any notice of cancellation. It is incumbent upon the defendant to prove that there was an effective cancellation before the insured's death. Therefore, the defendant's motion should be denied.

Alternatively, the Plaintiff prays that if the Court determines that there are insufficient facts in the initial petition, that he should be granted a reasonable time to amend the petition in order to allege additional facts if necessary. However, it is respectfully submitted that the facts alleged by the Plaintiff clearly show that the Defendant did not comply with the requirements of La.R.S. 22:177 and, therefore, the policy never lapsed nor was it cancelled.

Baton Rouge, Louisiana, this 25th day of November, 2009.

RESPECTFULLY SUBMITTED:

/s/ Barry W. Miller

Barry W. Miller, LSA Bar No. 09678
BARRY W. MILLER, A.P.L.C.
***Attorney for Gordon W. Smith, Jr.***
P. O. Box 86279
Baton Rouge, LA 70879-6279
Phone 225-767-1499
Fax 225-761-0760

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has this day been served electronically through the Court's CM/ECF System to the Defendant, through its attorney of record, Andrew W. Eversberg, 320 Somerlous Street, Baton Rouge, Louisiana 70802-6129.

Dated: This 25th day of November, 2009.

/s/ Barry W. Miller

Barry W. Miller