UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GORDON W. SMITH, JR.

CIVIL ACTION.

VERSUS

No. 09-917-JJB

THE STATE LIFE INSURANCE COMPANY

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the court on a Motion for Judgment on the Pleadings (doc.4) filed by the defendant, State Life Insurance Company ("State Life"). The plaintiff, Gordon W. Smith Jr., filed an opposition (doc 6), and the defendant has filed a reply (doc.7). There is no need for oral argument for the following reason, the defendant's motion is GRANTED.

## Factual Background

Plaintiff Smith, alleges that he is the owner and beneficiary of a policy of life insurance issued on the life of Charles L. Doss in 2002 ("the policy"). Smith further alleges that Doss died on or about December 8, 2008, and that Smith filed a claim for benefits under the Policy. Plaintiff Smith admits in the Complaint that the claim for benefits was denied because of his failure to timely pay premiums. According to Sun Life's answer, the default of payment occurred on or before November 8, 2006, a fact which Smith does not contest. Smith did not, however, file his law suit until September 17, 2009, more than two years after the default of payment.

State Life moves for motion for judgement on the pleadings, arguing that Smith's claims are banned by the 2 year limitation period provided by La. R.S. § 22:905, which provides as follows:

**Written notice required before lapsing life policies**

No life insurer shall within one year after default in payment of any premium, installment, loan or interest, declare forfeited or lapsed any policy issued or renewed, and not issued upon the payment of monthly or weekly premiums or for a term of one year or less, for non-payment when due of any premium, installment, loan or interest, or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice stating:

(1) The amount of such premium, installment, loan or interest, or portion thereof due on such policy; and

(2) The place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured or the assignee of the policy if notice of the assignment has been given to the insurer, at the last known post office address of such insured or assignee, postage prepaid by the insurer or any person appointed by it to collect such payment, at least fifteen and not more than forty-five days prior to the date when the same is payable.

No policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Any payment demanded by such notice and made within the time limit shall be taken to be full compliance with the requirements of the policy in respect to the time of such payment.

The affidavit of any officer, clerk or agent of the insurer or of anyone authorized to mail such notice that the notice required by this section has been duly addressed and mailed by the insurer issuing such policy, shall be presumptive evidence that such notice has been duly given. **No action shall be maintained to recover under a forfeited policy, unless the same is instituted within two years from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued.** This Section shall not apply to group insurance policies.

## Standard of Law

Rule 12 (c) provides, in pertinent part, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Rule 12 (c) motion is appropriate for review when no material facts are in dispute, but questions of law remain. A motion brought pursuant to Rule 12 (c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Gabarick v. Laurin Mar. Am., Inc.*, 2009 U.S. Dist. LEXIS 27226, 2009 WL 43096, at *2 (E.D. La. Jan. 7, 2009). A Rule 12 (c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).*

## Analysis and Conclusion

State Life argues that the policy was forfeited due to nonpayment of premiums for more than two years prior to Doss' death. Plaintiff argues that Defendant never provided notice of the payment default and the policy cannot be cancelled. Plaintiff's interpretation of La. R.S. 22:905 is contrary to the plain terms of the statute.

The statute provides for a 1 year extension of the policy if no notice is provided. However, after non-payment of premium for more than one year, the policy lapses ipso facto without the necessity of notice. *Durio v. Metropolitan Life Ins. Co., 09-0612 653 F. Supp. 2d. 656.* See also *Ochsner v. Idealife Ins. Co., 945 So. 2d 128, 133-34 (La. App. 4 Cir. 2006);*
*Vining v. State Farm life Ins. Co., 409 So. 2d 1306* (La. App.2 Cir. 1982).

Because the Plaintiff did not bring this action until September 17, 2009, more than two years

after the day of default in payment, the court finds that Smith's claim is prescribed.

Accordingly, the defendant's motion (doc.4) is hereby GRANTED.

Baton Rouge, Louisiana, March 23rd, 2010.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE